UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMAL C. CLARK, SR. | CIVIL ACTION |
| VERSUS | No. 22-747 |
| OFFSHORE MARINE CONTRACTORS, INC. | SECTION: "J"(5) |

## ORDER AND REASONS

Before the Court is a *Motion for Partial Summary Judgment* **(Rec. Doc. 13)** filed by Offshore Marine Contractors, Inc. ("Offshore Marine" or "OMC"); an opposition (Rec. Doc. 14) filed by Plaintiff, Jamal C. Clark; and a reply (Rec. Doc. 17) filed by Offshore Marine. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be granted.

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of an incident that took place on or about August 29, 2021 aboard the M/V MICHAEL EYMARD, which is owned by Offshore Marine. Clark, a Jones Act seaman, alleges that, while the vessel and its crew rode out Hurricane Ida aboard the vessel in Leeville, Louisiana, a window from the vessel blew into the pilot house, striking him on the head and knocking him to the floor and causing injuries to his head, neck, back, and other body parts, as well as emotional damage. Clark filed this suit against his employer, Offshore Marine, on March 22, 2022, seeking damages and maintenance and cure benefits.

The instant motion for summary judgment is related to Clark's claim for maintenance and cure. Offshore Marine points to documents it obtained through discovery that establish that Clark intentionally withheld evidence of preexisting injury, ongoing back and neck problems, and related workers compensation claims from OMC on his preemployment questionnaire and knowingly concealed this information throughout the course of litigation. (Rec. Doc. 13-9, at 1). Because of Clark's intentional misrepresentation regarding the existence and extent of his pre-existing injuries, Offshore Marine claims that, in accordance with the ruling in *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547 (5th Cir. 1968), Clark is precluded from recovering damages for maintenance and cure.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be

satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

## DISCUSSION

When Offshore Marine hired him, Clark represented that he had never had a disease or disability arising from his occupation, never received workers' compensation for an injury that occurred at work, and never had back trouble or an injury to his back, neck, or head. (Rec. Doc. 13-9, at 2). Clark also maintained in his deposition that he had never had any on-the-job injuries prior to working at Offshore Marine. (Rec. Doc. 13-5, at 4-7). He testified that his only employment between 2003 and 2012 was with Walmart. *Id.* However, during discovery, Offshore Marine obtained records for a workplace injury and previous workers' compensation claim that Clark made in 2010-2011, the year before Offshore Marine hired him, with another employer. (Rec. Doc. 13-9, at 2). Those records show that Clark was employed by Hotel 360 LLC (an undisclosed employer) in 2010, and Clark received workers'

compensation benefits for an injury to his lower back and neck extending through January 6, 2011. *Id.*

Generally, a Jones Act employer/vessel owner has an obligation to provide maintenance and cure for any seaman employee if they suffer injuries or become ill while in the service of a vessel. *The Osceola*, 189 U.S. 158, 175 (1903). The Fifth Circuit has explained that, "[t]he vessel owner's obligation to provide this compensation does not depend on any determination of fault, but rather is treated as an implied term of any contract for maritime employment." *Jauch v. Nautical Servs.*, 470 F.3d 207, 212 (5th Cir. 2006). Nonetheless, maintenance and cure will not be owed if it is determined that the seaman "knowingly or fraudulently concealed his condition from the vessel owner at the time he was employed." *Id.* (citing *McCorpen*, 396 F.2d at 548). "Where the shipowner requires the seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure." *McCorpen*, 396 F.2d at 549. To establish the *McCorpen* defense, an employer must show that (1) the seaman intentionally misrepresented or concealed medical facts; (2) the nondisclosed facts were material to the employer's decision to hire the seaman; and (3) a causal link exists between the withheld information and the injury that is the subject of the complaint. *Id.* at 548–49.

Offshore Marine argues that there is no genuine issue of material fact that all three prongs of the *McCorpen* defense are satisfied because Clark misrepresented and

concealed medical facts that were material to its decision to hire him, and Clark's presently alleged injuries are identical to his previously concealed worker's compensation claim. (Rec. Doc. 13-9, at 9-16). In response, Clark concedes that Offshore Marine's motion should be granted as it applies to his lower back injuries, because he failed to disclose his prior lower back injury on his pre-employment application with OMC. (Rec. Doc. 14, at 2). However, Clark argues that, because he had not previously suffered a neck injury or the other injuries to different body parts injured in this case (head, shoulder, elbow, ulnar nerve, carpal tunnel, post-concussion syndrome, psychological conditions), the *McCorpen* defense does not apply as to maintenance and cure for those injuries. *Id.* at 3. In reply, Offshore Marine emphasizes that Clark's medical records regarding his previous undisclosed workplace injury did in fact include neck injury and pain, but "the panoply of other alleged injuries is fodder for the jury and will be dealt with in due course." (Rec. Doc. 17, at 4). As to the motion before the Court regarding concealed back and neck injuries, OMC requests that this Court dismiss Clark's claims for maintenance and cure involving his neck and lower back injuries. *Id.*

### A. Intentional Misrepresentation or Concealment

Offshore Marine argues that, because Clark concealed both a pre-existing back and neck issue and his workers' compensation claim for that injury, the first element of its *McCorpen* defense is established. (Rec. Doc. 13-9, at 9-13).

"Where the shipowner requires a seaman to submit to a prehiring medical examination or interview and the seaman intentionally misrepresents or conceals

material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure." *McCorpen*, 396 F.2d at 549. The element of intentional concealment of medical facts "does not require a finding of subjective intent." *Id.* The intentional concealment prong of the McCorpen defense is an "essentially" objective inquiry where the employer "need only show that the seaman fail[ed] to disclose medical information in an interview or questionnaire that is obviously designed to elicit such information." *Meche v. Doucet*, 777 F.3d 237, 247 (5th Cir. 2015) (quoting *Vitovich v. Ocean Rover O.N.*, No. 94–35047, 106 F.3d 411, 1997 WL 21205, at *3 (9th Cir. Jan. 14, 1997)) (internal quotation marks omitted); *see also Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 176 (5th Cir. 2005) ("The view that the intentional concealment prong of McCorpen is an essentially objective inquiry has also been adopted by courts in this circuit.").

In this case, Clark knew that the information on his employment application was not correct. On his Employee Medical History Questionnaire as part of his employment application with Offshore Marine on June 1, 2012, Clark answered, "NO" to both "Have you ever had a disease or disability arising from your occupation?" and to "Have you ever had workers' compensation benefits for an injury that occurred at work?" (Rec. Doc. 13-3, at 13). He also answered "NO" to the more specific question, "Have you ever had back trouble or injury to your back, head or neck?" and "NONE" to the question "What operations, accidents, broken bones, strains or serious illnesses have you had?" *Id.* That same day, Clark went to Complete Occupational Health for a pre-employment examination and another medical history questionnaire. (Rec. Doc.

13-9, at 5). On the questionnaire, Clark again denied any prior injuries to his back or neck and denied receiving any workers' compensation benefits. (Rec. Doc. 13-4, at 65). On another questionnaire, Clark answered "NO" to the questions "Have you ever had a back injury?" and if he currently had any back pain or other muscle or skeletal problems. *Id.* at 62.

As part of his employment application, Clark included a list of work experience and previous employers. (Rec. Doc. 13-3, at 7-12). Not included in that list was his work experience as a dishwasher with Hotel 360 LLC (The Holiday Inn), starting on June 6, 2010, which was revealed during discovery. *See* (Rec. Doc. 13-6). While working there in November 2010, Clark fell and injured his lower back and neck, visited an emergency room, and received four weeks of worker's compensation benefits ending in January 2011. *Id.* at 10-12. Clark's medical records provided to the Court related to that incident indicate that he injured multiple body parts, including both his lower back and neck, but later appointment notes did not include neck pain. *Id.* at 35, 130.

Clark admits that he failed to disclose the prior lower back injury, but he argues that he did not conceal prior injuries to his neck or other additional body parts because such injuries did not occur. (Rec. Doc. 14, at 2). First, the Court notes that the instant motion does not challenge Clark's concealment or misrepresentation of any other injuries other than his prior back and neck injury. (Rec. Doc. 13-9, at 1). As to Clark's other injuries alleged in the instant suit, including injuries to his head, shoulder, elbow, ulnar nerve, plus post-concussion syndrome and other psychological

conditions, the Court agrees that Clark did not previously experience these injuries and thus cannot find that he concealed or misrepresented them.

As to the injury to his lower back, the record reflects (and the parties agree) that Clark failed to disclose pre-existing medical information on a questionnaire designed to elicit such information and that Offshore Marine is entitled to dismissal of Clark's claims of maintenance and cure expenses for his lower back injury. The Court also finds that Plaintiff also concealed his previous neck injury from Offshore Marine. Although the medical records from his previous injury indicate that Clark experienced a more extensive, longer-lasting pain and injury to his lower back, the emergency room physician notes after his fall state that he was complaining of pain in lower back and neck, and the Employer Report of Injury and Illness sent to the workers compensation insurer indicates that he injured his lower back and neck. (Rec. Doc. 13-6, at 11, 35). Accordingly, the Court finds that Clark also failed to disclose his previous neck injury, satisfying the first prong of the *McCorpen* defense.

### B. Materiality

Under the second prong of *McCorpen*, "[t]he fact that an employer asks a specific medical question on an application, and that the inquiry is rationally related to the applicant's physical ability to perform his job duties, renders the information material for the purpose of this analysis." *Brown*, 410 F.3d at 175. A seaman's "history of back injuries is the exact type of information sought by employers." *Id.* Moreover, courts have granted summary judgment on the materiality prong "when the evidence establishes that full disclosure of the plaintiff's medical condition would have

prompted his employer to conduct further medical evaluation prior to making a hiring decision." *White v. Sea Horse Marine, Inc.*, No. 17-9774, 2018 WL 3756475, at *3 (E.D. La. Aug. 8, 2018). "However, if an employee can show that, even if undisclosed facts were material, he or she would have been hired regardless, the employer is not entitled to the *McCorpen* defense to evade its maintenance and cure obligation." *Hare v. Graham Gulf, Inc.*, 22 F. Supp. 3d 648, 654 (E.D. La. 2014) (citing *McCorpen*, 396 F.2d at 551–52). A triable issue of fact remains when it is unclear whether an employer's hiring decision would be affected by knowledge of a potential employee's previous injuries. *Id.* (citing *Jauch*, 470 F.3d at 212). The principal inquiry becomes whether disclosure of the allegedly concealed medical information would have prevented the employee from being onboard the vessel at the time of the accident, and thus avoiding the accident and complained of injuries. *Jauch*, 470 F.3d at 212–13.

Here, it is undisputed that Offshore Marine asked certain questions of Clark about his prior medical conditions in the employment application, and Clark does not dispute that these questions were reasonably related to his ability to do the job for which he applied. The fact that these questions were asked makes the answers material for *McCorpen* purposes. Offshore Marine also cites to the declaration of its President and CEO, Raimy D. Eymard, who states that "it is Offshore Marine's policy to not hire individuals with pre-existing back or neck injuries." (Rec. Doc. 13-2, at 1). Eymard goes on to state that "Offshore Marine would not have hired Jamal Clark had he disclosed that within the year prior to his employment he had a workplace

accident that required him to seek treatment for back and neck pain which was significant enough for there to be lost time from work." *Id.* Further, as a member of upper management at the time of Clark's hiring, if Clark had truthfully disclosed his medical condition, "Offshore Marine management would not have approved his hiring." *Id.* Offshore Marine argues that the nature of an injury supporting a workers' compensation claim is material given the demands placed on an ordinary seaman. (Rec. Doc. 13-9, at 15). In his opposition, Clark does not dispute Offshore Marine's argument, and the Court agrees that Clark's misrepresentations regarding his prior back and neck injuries were material to Offshore Marine's hiring decision. Thus, as to the second element of the Offshore Marine's *McCorpen* defense, the Court finds that no genuine issue of material fact exists as to the materiality of Clark's preexisting medical conditions on Offshore Marine's decision to hire him.

### C. Similarity of Injuries

A party seeking to employ a McCorpen defense is not required to show that the plaintiff's preexisting injuries were the sole cause of the present injury claimed. *Brown*, 410 F.3d at 176. Instead, "All that is required is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage." *McCorpen*, 396 F.2d at 549. This Court has held that when both a plaintiff's prior injuries and present injuries concern the lower back, the causal link has been met and summary judgment on the issue of the *McCorpen* defense is appropriate. *Foret v. St. June, LLC*, No. 13-5111, 2014 WL 4539090, at *5 (E.D. La. Sept. 11, 2014) (citing Weatherford v. Nabors Offshore Corp., No. 03–0478, 2004 WL 414948 at *3

(E.D. La. Mar. 3, 2004) (Duval, J.); Keys v. Haliburton Co., No. 88–1523, 1989 WL 54224 at *4 (E.D. La. May 17, 1989) (Livaudais, J.)).

Here, there is no question that Clark's previously concealed injury to his lower back affects the same body part as the injury at issue in this case. However, Clark argues that his neck was not injured in his previous workplace accident. The Court disposed of this argument in section A, *supra*. Because of the identical nature of Clark's previous injuries to his neck and lower back, the Court finds that a causal link exists between his pre-existing injuries and those alleged in the lawsuit. As to the various other injuries Clark alleges in the instant suit, no causal link exists.

## CONCLUSION

Because Offshore Marine has satisfied all three elements of the *McCorpen* defense, Plaintiff's claim for maintenance and cure as to his back and neck injuries should be dismissed. Accordingly,

**IT IS HEREBY ORDERED** that Offshore Marine, LLC's *Motion for Partial Summary Judgment* **(Rec. Doc. 13)** is **GRANTED.** Clark's claims for maintenance and cure involving injuries to his back and neck are **DISMISSED.**

New Orleans, Louisiana, this 30th day of August, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE