## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**JAMAL C. CLARK, SR.**              **CIVIL ACTION NO: 2:22-cv-00747**

                                     **DISTRICT JUDGE (J)**
**VERSUS**                           **HON. CARL J. BARBIER**

                                     **MAGISTRATE JUDGE (3)**
**OFFSHORE MARINE CONTRACTORS, INC.   HON. EVA J. DOSSIER**
*************************************************************************************

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*

MAY IT PLEASE THE COURT:

Plaintiff, Jamal Clark, respectfully requests that this Court preclude or prohibit Defendant, Offshore Marine Contractors, Inc. ("OMC"), from making certain statements or attempting to elicit testimony from witnesses about things which are irrelevant to the claims asserted by Plaintiff in this litigation. Plaintiff seeks to exclude matters that are inadmissible, irrelevant, or prejudicial in this case. If Defendant is able to address or elicit testimony about these issues, it could cause irreparable harm to Plaintiff's case before the jury, and a later jury instruction likely could not cure that harm.

Plaintiff asks the Court to instruct Defendant and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters listed herein without first obtaining a ruling from the Court outside of the presence and hearing of the jury, and to instruct Plaintiff and all counsel to warn and caution each witness to follow these same instructions.

Plaintiff submits that the below discussed evidence is inadmissible under the Federal Rule of Evidence 403 which provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

1

jury, undue delay, wasting time, or needlessly presenting cumulative
evidence.

This Honorable Court has considerable discretion in excluding evidence under F.R.E. 403. *U.S. v. Tidwell*, 559 F.2d 262 (5th Cir. 1977).

<u>**MOTION *IN LIMINE* MATTERS**</u>

1. **Any reference to Offshore Marine Contractors, Inc., or any company for whom Plaintiff has worked as a "family."**

OMC has, at times through the litigation, referred to the corporation as a small family run organization.[1] In doing so, it insinuates that Plaintiff was somehow wrong to go "against the family" by retaining an attorney or initiating a suit, rather than allowing them to work through any disputes internally. To allow them to do this in front of the jury at all would severely mislead the jury about the size of OMC and its related entities, the employment relationship between Mr. Clark and OMC, and has absolutely no bearing on Plaintiff's Jones Act and general maritime law claims.

The only purpose that any mention of OMC being a "family" serves is to prejudice the Plaintiff in the eyes of the jury by asserting that he has wronged a "family" by filing suit, instead of simply stating what has really happened, which is the Plaintiff's proper exercise of his legal rights against an employer for workplace injuries. Under Federal Rule of Evidence 403, any reference to OMC as a "family" or small family business has no probative value and is nothing more than an attempt to unfairly prejudice and sway the jury against Mr. Clark in his suit against OMC.

2. **Any reference to, mention of, or testimony concerning Offshore Marine Contractors' Current Corporate or Business Status.**

Offshore Marine Contracts has advised that it is no longer in operation. In prior deposition testimony, it was stated that OMC is now owned by a private equity group. This business status

---

[1] Indeed, it made such a reference to itself in the Pretrial Order submitted in this case, on p. 7. R. Doc. 38.

has no role or relation to the events which occurred in August 2021. OMC has indicated that its ability to fund any judgment which may result in this case is not in jeopardy, and that it has insurance coverage for any such losses.

Plaintiff avers that any mention of OMC's current business status or discussion of its solvency is irrelevant to any claims pending in this litigation and would serve only to unfairly prejudice Plaintiff should the jury be told that OMC is no longer in business or operating its vessels. Even if the jury is told that there is adequate funding and insurance to cover any verdict, Plaintiff submits that he would still be prejudiced, and no jury charge could remedy that prejudice.

### 3. Any reference to, mention of, or testimony concerning Plaintiff's retention of a lawyer in this case.

The decision of a party to retain an attorney to represent them in legal matters, and the timing of that decision, has absolutely no bearing on the claims which Mr. Clark has asserted against Defendant in this case. There is no probative value in obtaining or providing testimony or statements regarding the timing of Mr. Clark's retention of a lawyer. OMC will only attempt to prejudice the jury against Mr. Clark by somehow asserting that he was wrong to retain an attorney, or that the decision he made to retain an attorney should cast doubt upon the veracity of his claims against Defendant.

Plaintiff further objects to this issue being addressed at trial because it could lead to intimations that he somehow failed to try to work things out with the company and that he did not give the company a chance to resolve this matter outside of litigation. This dovetails with the prior issue to which Plaintiff objects, the reference of OMC as a "family" or "small family business," as this could cause confusion as to the issues relevant to the claims in this case and prejudice the jury against Plaintiff for reasons that have nothing to do with this case. Plaintiff has no duty to attempt to avoid litigation after a workplace injury, but these types of statements could certainly

3

mislead the jury to think otherwise. Any testimony about, mention of, or reference to his decision to retain an attorney is highly irrelevant and serves no value other than to cause prejudice to Plaintiff before the jury. Under Federal Rule of Evidence 403, no such mention or reference should be made.

4. **Any reference to, mention of, or testimony regarding Defendant's Payment of Maintenance and Cure benefits.**

In prior rulings by this Court, Plaintiff's maintenance and cure claims related to his neck and back injuries were dismissed. *See* R. Doc. 518. Plaintiff will not present evidence at trial regarding, specifically, maintenance and cure owed for those injuries. Should OMC be entitled to a credit for the previously paid maintenance and cure benefits, which Plaintiff denies, Plaintiff avers that may be more properly addressed by the Court after trial, in the event that the jury awards damages to Plaintiff. Indeed, Plaintiff objects to any attempt to have the jury make such determination, as OMC has requested in its proposed jury charges (R. Doc. 55). If any credit is owed, the Court should make that determination later, as requiring the jury to do so as part of its verdict rendering could prejudice Plaintiff.

The fact that maintenance and cure benefits were paid prior to OMC's filing of its *McCorpen* motion for partial summary judgment has no relevance or bearing on any of the remaining issues in this case. Plaintiff is not presenting a claim for past medical costs as it relates to these specific injuries, as they were paid by OMC, and is not making a claim for future maintenance or cure benefits for these specific injuries, as those have been dismissed. Thus, there is no reason for any party to address when, why, or how much maintenance and cure was paid by OMC. Just as if issues involving unseaworthiness or negligence should not be addressed if those claims were to be dismissed, issues involving maintenance and cure should not be addressed at trial.

Further, OMC should not be allowed to present its payment of maintenance and cure to the jury as evidence of good behavior. It paid those benefits under the general maritime law applicable to seaman like Mr. Clark injured on the job, and for over two years before filing its Motion for Partial Summary Judgment. Only after this Court granted its Motion did OMC stop paying maintenance and cure benefits. OMC simply complied with its legal obligations under the general maritime law until it was able to stop such obligations by order of this Court. To mention or argue that OMC is entitled to some good will or positive outlook because it paid benefits legally owed at the time would simply confuse the issues and has no relevance to the claims being tried to the jury. Plaintiff will make no argument that OMC failed in its maintenance and cure obligations as it relates to his back or neck injuries, so there is no relevance to OMC advising the jury that it complied with its basic legal obligations to pay maintenance and cure. Thus, any such reference should be excluded from trial.

5. **Any reference to, mention of, or testimony concerning Defendant's Payment or Procurement of Health and Dental Insurance**

After the incident at issue in this litigation, OMC continued to pay for the costs associated with Plaintiff's health and dental insurance that had previously been provided by OMC. This continued until recently, when OMC ceased operations. OMC continued to employ Plaintiff after his injury and during the pendency of this suit, until it ceased operations, and so simply continued to pay for fringe benefits associated with that work.

Plaintiff has not used his health insurance for injuries related to this incident, and it has no relation to any claims being made in this litigation. The only purpose of referencing OMC's decision to continue paying Mr. Clark's insurance would be to make OMC appear benevolent or charitable in its treatment of Mr. Clark. Plaintiff avers that this is irrelevant to all claims made in this litigation. OMC's payment of premiums for Mr. Clark's health and dental insurance after

Hurricane Ida has no probative value and is nothing more than an attempt to unfairly prejudice and sway the jury against Mr. Clark in his suit against OMC. Under Federal Rule of Evidence 401 and 403, Plaintiff avers that no mention or reference to this issue should be made at trial.

**6.   Any reference to, mention of, or testimony concerning child support owed by Plaintiff.**

Defendants have listed as a proposed exhibit, to which Plaintiff lodged an objection, information regarding child support liens previously asserted upon Plaintiff many years ago. *See* Defendant's Proposed Exhibit 92, Summit Consulting. This information is highly irrelevant to the personal injury claims asserted in this case, and reference to or evidence of child support liens is substantially prejudicial. Evidence of any alleged failure to pay child support is not particularly probative in this case.

Courts routinely exclude evidence of outstanding child support payments or liens, because "whatever probative value the fact that failure to pay the outstanding child support obligation may have on a jury in this case would be substantially outweighed by the danger of unfair prejudice that a jury may impose" on what they think is a "deadbeat dad." Further, "that prejudice would be undue, rather than fairly deserved, not because it would reduce the [plaintiff's] recovery," but because it could also reduce the corpus of funds from which the child support obligation could be satisfied. *Thomas v. W&T Offshore*, 2019 WL 8892588 (E.D. La. 2019)(J. Brown) (*citing Fabre v. Royal Freight, L.P.*, 2012 WL 12931725 (M.D. La. 2012); *see also Garcia v. Green*, 2019 WL 8972808 (E.D. La. 2019)(J. Vance) (holding that child support obligations are inadmissible for character traits under Rule 404(b) because of the substantial risk of prejudice). There is no relevance to either Plaintiff's lost earning claims nor any alleged "character" claims Defendant attempt to make against Mr. Clark, and the risk of substantial prejudice to Plaintiff should the jury hear evidence of outstanding child support owed far outweighs any probative value such evidence

may have.

<u>**C**ONCLUSION</u>

The matters set forth herein are inadmissible for any purpose and irrelevant, and would serve no purpose other than to prejudice the jury against the Plaintiff and confuse the issues which are relevant for the jury's determination. Permitting questions to witnesses, comments to jurors and prospective jurors, or offers of evidence concerning these matters would serve only to prejudice and mislead the jury, and sustaining objections to such questions, comments, or offers, or providing a limiting instruction at the close of trial, would not cure this prejudice. For these reasons, Plaintiff respectfully requests that the Court grant his Motion *in Limine*, and for any other relief to which Plaintiff may be justified.

Respectfully Submitted,

*/s/ Megan C. Misko*
TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
MEGAN C. MISKO (29803)
**THE YOUNG FIRM**
400 Poydras Street, Suite 2090
New Orleans, LA 70130
Telephone: (504) 680-4100
Facsimile: (504) 680-4101
TJY@theyoungfirm.com
TDH@theyoungfirm.com
MCM@theyoungfirm.com