UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMAL C. CLARK, SR. | * | NO:   22-0747 |
| | * | |
| VERSUS | * | SECTION:   J |
| | * | JUDGE CARL J. BARBIER |
| OFFSHORE MARINE | * | MAGISTRATE: 3 |
| CONTRACTORS, INC. | * | JUDGE EVA J. DOSSIER |

*****************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE REFERENCE TO ACT OF GOD DEFENSE

NOW INTO COURT comes Plaintiff, Jamal Clark, who respectfully moves this honorable Court to issue a ruling restricting Defendant, Offshore Marine Contractors, Inc. ("OMC"), from referencing its proposed "Act of God" defense at trial. The facts and relevant legal principles preclude OMC from successfully asserting this defense in light of its negligence in docking the vessel in South Louisiana during Hurricane Ida rather than evacuating it to a safer location.

## BACKGROUND

On August 29, 2021, Hurricane Ida struck the Gulf Coast, bringing catastrophic wind speeds and storm surges to areas of South Louisiana. Plaintiff Jamal Clark, employed by OMC, sustained severe injuries when a window on the offshore lift boat he was stationed on was blown out by hurricane-force winds. Instead of evacuating the vessel to a safer harbor, OMC elected to keep the vessel docked in an exposed location in South Louisiana. Plaintiff brought this action under the Jones Act for injuries sustained due to the negligence of his employer, OMC, which includes the decision to keep the vessel in an unsafe location during a known hurricane event.

## LAW AND ARGUMENT

The Act of God defense requires a defendant to show that the accident "could not have been prevented by 'human skill and precaution and a proper display of nautical skills.'" *Gulf Island Shipyards v. LaShip, L.L.C.*, 715 F.Supp.3d 878, 890 (E.D. La. 2024). Vessels asserting the Act of God defense are held to a heavy burden, and courts have required them to "exhaust every reasonable possibility which the circumstances admit and show that in each they did all that reasonable care required." *Id.* (*citing Bunge Corp. v. M/V Furness Bridge*, 558 F.2d 790, 795 (5th Cir. 1977)). "A hurricane in and of itself is not sufficient to invoke the Act of God defense." *Gulf Islands*, 715 F.Supp.3d at 891.

The facts in this case show that OMC did not do "all that reasonable care required," as it failed to take the reasonable and prudent action of evacuating the vessel from an exposed area in advance of a predicted and well-publicized hurricane. Indeed, employees of contractors who had been working on the L/B MICHAEL EYMARD were removed and evacuated from the vessel in advance of the hurricane. OMC failed to do the same for its own employees, including Plaintiff.

In *Paragon Asset Co. Ltd. v. Gulf Copper & Manufacturing Corp.*, 622 F. Supp. 3d 360, 403-04 (S.D. Tex. 2022), the court rejected the Act of God defense when the defendant failed to use a proper mooring system to keep its vessels in place during Hurricane Harvey. While the court noted that Hurricane Harvey certainly brought heavy weather to the area where the defendant's vessels were located, it delayed crucial decision making and used improper mooring procedures, so could not claim an Act of God defense. In *Boudin v. J. Ray McDermott*, 281 F.2d 81 (5th Cir. 1960), the court held that, in another hurricane, the defendant's failure to evacuate a vessel and take it further upstream and out of the hurricane force winds and rain precluded the use of any Act of God defense.

Here, OMC had ample notice of Hurricane Ida's impending impact and chose to leave the vessel in a vulnerable location rather than moving it to a safer location or taking additional measures to secure it. Certainly, the risk posed by Hurricane Ida was foreseeable, and reasonable precautions, such as evacuating the vessel to a safer location, were available to OMC. Instead, OMC chose to dock the vessel in an exposed area in South Louisiana. This decision directly contradicts the requirement that a defendant must act with due care to avoid the consequences of a natural disaster. OMC cannot meet the heavy burden of proving an Act of God defense and, accordingly should not be able to claim it or discuss it at trial.

In *In re Skanska*, 577 F. Supp. 3d 1302, 1323 (N.D. Fla. 2021), the court found that the Act of God defense was not available where the defendant received ample warning about the hurricane and failed to relocate its vessels to a safer alternative location. OMC's decision mirrors the circumstances of *In re Skanska*, where the failure to relocate exposed vessels was considered negligent and precluded the Act of God defense.

OMC's failure to evacuate or properly secure the vessel was not consistent with the standard of care required under maritime law. The Fifth Circuit has made it clear that a party seeking to assert an Act of God defense must show that they took all "reasonable precautions under the circumstances as known or reasonably to be anticipated." *Petition of the United States*, 425 F.2d 991, 995 (5th Cir. 1970). When additional precautions could have been taken, especially when catastrophic consequences may be foreseen, a defendant cannot later claim the Act of God defense. The recent decision in *Gulf Islands,* another case involving damages due to improper decisions by a vessel owner during Hurricane Ida, is instructive in this matter.

The case law supports that where a defendant has been negligent in preparation for a foreseeable natural event, the Act of God defense is not available. OMC had ample time and

knowledge of the impending severity of Hurricane Ida, but instead of taking reasonable precautions, the company left the vessel in harm's way. The decision to keep the vessel docked in an area prone to significant hurricane impact demonstrates a clear failure to take reasonable steps to mitigate the risk of harm.

Moreover, the exact mechanism of the injury to Plaintiff was well outside of any "Act of God." Plaintiff was not struck by an unexpected lighting strike, nor was he injured in a vessel transfer which was hit by a rogue wave that everyone agrees was unpredicted. The hurricane at issue was predictable and expected by OMC. The simple fact of a hurricane's approach does not implicate the Act of God defense.

## **CONCLUSION**

The Act of God defense is not appropriate to assert in regard to a slow-moving hurricane which ultimately made landfall, exactly as predicted, at the location chosen by OMC to place its vessel. Any "Act of God" in this matter (i.e. the hurricane itself) was not the immediate mechanism or cause of injury, and claiming that the injury itself results from an Act of God would thus only confuse the jury in this matter. OMC will certainly be able to argue it did the best it could under the circumstances, but claiming it is absolved from liability due to an "Act of God" is not appropriate. For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant this Motion in Limine and exclude any argument, testimony, or evidence regarding the Act of God defense. Defendant, OMC, failed to take reasonable measures to protect its crew and vessel in the face of a predictable and avoidable danger, rendering the Act of God defense legally inapplicable.

Respectfully Submitted,

*/s/ Megan C. Misko*
TIMOTHY J. YOUNG (22677)
TAMMY D. HARRIS (29896)
MEGAN C. MISKO (29803)
**THE YOUNG FIRM**
400 Poydras Street, Suite 2090
New Orleans, LA 70130
Telephone: (504) 680-4100
Facsimile: (504) 680-4101
TJY@theyoungfirm.com
TDH@theyoungfirm.com
MCM@theyoungfirm.com